UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.R. HORTON LOS ANGELES HOLDING CO., INC.,<br><br>Plaintiff,<br>vs.<br>AMERICAN SAFETY INDEMNITY COMPANY,<br><br>Defendant. | CASE NO. 10CV443 WQH (WMc)<br><br>ORDER |

HAYES, Judge:

The matter before the Court is Defendant's Motion for Leave to File Counterclaim and Request for Judicial Notice (ECF No.10) and Plaintiff's Request for Judicial Notice (ECF No. 15).

### BACKGROUND

On February 26, 2010, a Complaint filed by Plaintiff D.R. Horton Los Angeles Holding Co., Inc. ("D.R. Horton") was removed from state court by Defendant American Safety Indemnity Co. ("ASIC"). (ECF No. 1). D.R. Horton alleges that it was engaged in a real estate development project and entered into a subcontractor agreement with Ebensteiner Co. for grading work on the project. *Id.* at 10. Ebensteiner Co. purchased insurance policies from ASIC and named D.R. Horton as an additional insured and third-party beneficiary of ASIC's obligations to Ebensteiner Co. *Id.* at 10-11.

D.R. Horton alleges that several complaints and cross-complaints were filed against it

1 and it received several notices to builder which were all insured event covered by the ASIC policies ("the underlying actions"). *Id.* at 11-12. D.R Horton alleges that it made a timely claim for benefits under the policies regarding the underlying actions but ASIC breached its duty of good faith and fair dealing by failing to provide D.R. Horton with a defense, withholding or delaying payments, failing to properly investigate D.R. Horton's claims, and refusing and failing to respond to D.R. Horton's request for benefits and coverage. *Id.* at 12.

D.R. Horton also alleges that ASIC breached its contractual obligations and seeks declaratory relief "that [ASIC is] obligated to defend and indemnify [D.R. Horton] under said Policies; and, [t]hat [ASIC is] obligated to pay for the cost of [D.R. Horton's] defense in [the underlying actions] and to pay expenses and other settlement costs in connection with the [the underlying actions]." *Id.* at 14.

On April 12, 2010, ASIC filed an Answer in which ASIC raised twenty-four affirmative defenses but did not assert any counterclaims and did not seek to join any additional parties. (ECF No. 4). On June 4, 2010, the parties engaged in settlement negotiations with the Magistrate Judge. (ECF. No. 8).

On July 9, 2010, ASIC filed this Motion for Leave to File Counterclaim which included a Request for Judicial Notice. (ECF No. 10). On August 2, 2010, D.R. Horton filed an Opposition. (ECF No. 13). On August 9, 2010, ASIC filed a Reply. (ECF No. 14). On August 10, 2010, D.R. Horton filed a Request for Judicial Notice Regarding American Safety's Motion for Leave to File Counterclaim.[1] (ECF No. 15).

## LEGAL STANDARD

Under Rule 15(a) of the Fed. R. Civ. P., "The court should freely give leave [to amend] when justice so requires." The amendment of a pleadings is to be permitted unless the opposing party makes a showing of undue delay, bad faith, undue prejudice, or futility of an

---

[1] Courts may take judicial notice of their own records, and may also take judicial notice of other courts' proceedings if they "directly relate to matters before the court." *Hayes v. Woodford*, 444 F. Supp. 2d 1127, 1136-37 (S.D. Cal. 2006); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). ASIC's and D.R. Horton's requests are limited to the existence of documents that have been filed in other courts which directly relate to matters before this Court. The requests for judicial notice (ECF Nos. 10, 15) are granted.

amendment on the part of the moving party. *Foman v. Davis,* 371 U.S. 178, 182 (1962). "An amendment to add a counterclaim will be governed by Rule 15." Fed. R. Civ. P. 13 (2009 Amendment).

## DISCUSSION

ASIC seeks to add counterclaims for declaratory judgment against D.R. Horton, Ebensteiner Co., and Roe insurers[2] and seeks to assert a counterclaim for equitable contribution against Roe insurers. (ECF No. 10 at 3). ASIC contends that adjudicating the issues separately would result in multiple actions arising from the same facts, and a substantial risk of inconsistent adjudications and obligations. *Id.* ASIC contends that D.R. Horton will not be prejudiced by the proposed counterclaim and joinder because the counterclaims are "based on the same facts and documents as [D.R. Horton's] Complaint and require[] no new or different discovery, the case is in its early states, and in fact no formal discovery has yet taken place." *Id.* ASIC also explains that it has not been dilatory because it first raised the possibility of adding counterclaims at the Early Neutral Evaluation Conference which took place on June 4, 2010, and sought a stipulation from D.R. Horton allowing the additions. *Id.* at 11.

D.R. Horton contends that allowing ASIC to add the Roe insurers would complicate the case and prejudice D.R. Horton because the Roe insurers would likely file cross-complaints and counterclaims against each other adding delay and complexity. (ECF No. 13 at 3, 6). D.R. Horton contends that ASIC could file a claim for contribution after liability is established. *Id.* D.R. Horton contends that ASIC's equitable contribution claim is defective because ASIC has not paid anything towards D.R. Horton's defense under the policies. *Id.* D.R. Horton contends that ASIC's equitable contribution counterclaim also fails because any liability ASIC could incur would be as a result of its own breaches which precludes reimbursement from other insurers. *Id.*

---

[2] The Roe insurers are other insurers that may be liable to D.R. Horton regarding the underlying actions, but are currently unidentified. *See* (ECF No. 10 at 5).

A.   D.R. Horton

D.R. Horton's third claim in the Complaint seeks declaratory judgment as follows:

> (1) that [ASIC is] obligated to defend and indemnify [D.R. Horton] under said policies; and, (2) that [ASIC is] obligated to pay for the cost of [D.R. Horton's] defense in [the underlying actions] and to pay for expenses for repairs and other settlement costs in connection with [the underlying actions].

(ECF No. 1 at 14).

ASIC's proposed counterclaim seeks declaratory judgment as follows:

> (a) ASIC contends that there is no potential coverage for Ebensteiner as a Named Insured and/or D.R. Horton as an Additional Insured under [the policies] in connection with claims arising from the Underlying Actions because the requirements for coverage are not satisfied . . . . (b) ASIC contends that [one policy] is exhausted relative to the Underlying Actions . . . .

(ECF No. 10 Ex. 1 at 7).

Rule 13(a) of the Fed. R. Civ. P. states:

> A pleading must state as a counterclaim any claim that--at the time of its service--the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a)(1)-(2). ASIC's request for declaratory judgment against D.R. Horton arises out of the same transaction or occurrence as the Complaint because they both seek to resolve ASIC's liability to D.R. Horton under the insurance policies for damages relating to the underlying actions. Therefore, ASIC's request for leave file the counterclaim seeking declaratory judgment against D.R. Horton is granted.

B.   Ebensteiner Co.

The proposed counterclaim seeks declaratory judgment regarding potential insurance coverage for Ebensteiner Co., but Ebensteiner Co. is not a party to the current case and ASIC has not sought leave to add Ebensteiner Co. as a counterdefendant. (ECF No. 10 Ex. 1 at 7). Therefore, this proposed counterclaim seeks to determine the rights of Ebensteiner Co. without Ebensteiner Co.'s presence in the case.

"[A]n action in equity cannot be maintained without the joinder of indispensable parties." *California v. Arizona*, 440 U.S. 59, 62 (1979). A person is a required party where: that person claims an interest relating to the subject of the action and is so

> situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1)(B); *see also American Greyhound Racing, Inc. v. Hull*, 305 F.3d 1015, 1024 (9th Cir. 2002) (explaining that even if a court's decision would not preclude an absent party's claim under the principles of res judicata or collateral estoppel, the court should not issue a decision that would affect the absent party's interests as a practical matter.) This Court's declaratory judgment regarding insurance coverage available to Ebensteiner Co., without Ebensteiner Co.'s presence in the case, may impede or impair Ebensteiner Co.'s ability to protect its interests. ASIC's request for leave to file a counterclaim seeking declaratory judgment regarding ASIC's potential insurance coverage for Ebensteiner Co. is denied.

### C. Roe Insurers

ASIC seeks to join Roe insurers by asserting a counterclaim for equitable contribution and a counterclaim for declaratory judgment against them. (ECF No. 10 Ex. 1 at 7-8).

Under Rule 13(h) of the Fed. R. Civ. P., persons who are not parties to the original action may be joined as parties to a counterclaim so long as the provisions of Rules 19 regarding compulsory joinder or Rule 20 regarding permissive joinder are followed.

#### i. Compulsory Joinder

Rule 19(a) of the Fed. R. Civ. P. provides:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

"The term complete relief used in Rule 19(a) refers to relief as between the persons already parties, not as between a party and the absent person whose joinder is sought." *First*

*Nat'l Montana Bank v. Federal Leasing, Inc.*, 110 F.R.D. 675, 677 (D. Mont. 1986) (quotations omitted); *see Disabled Rights Action Committee v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004). Joinder of "necessary" parties pursuant to Fed. R. Civ. P.19(a)(1) "is concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action." *Las Vegas Events*, 375 F.3d at 879 (quoting *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983)). In order to determine whether a party should be joined pursuant to Fed. R. Civ. P. 19(a)(1), a "court asks whether the absence of the party would preclude the district court from fashioning meaningful relief as between the parties." *Las Vegas Events*, 375 F.3d at 879 (citation omitted); *see also Blumberg v. Gates*, 203 F.R.D. 444, 446 (C.D. Cal. 2001).

ASIC has not shown that complete relief cannot be afforded between the current parties, D.R. Horton and ASIC, without the addition of the Roe insurers. Rather, ASIC contends that it alone will not be afforded complete relief because of the absence of the Roe insurers. This allegation does not entitle ASIC to join the Roe insurers pursuant to Fed. R. Civ. P. 19(a)(1). The Court concludes that ASIC's counterclaims do not involve "an interest relating to the subject of this action" to require joinder of the Roe insurers pursuant to Fed. R. Civ. P. 19(a)(2).

    ii. Permissive Joinder

Rule 20(a)(2) of the Fed. R. Civ. P. provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2); *see also* Fed. R. Civ. P. 14(a)(1) ("A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it.").

As a general matter permissive joinder rules should be liberally construed in order to promote trial convenience and to expedite the final determination of disputes. *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977). "Even

once these requirements are met, a district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (quoting *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980)).

ASIC and seeks leave to file a counterclaim for equitable contribution from the Roe insurers as follows:

> If ASIC is judged liable to [D.R. Horton], Counterdefendant insurers Roes 1 through 20 should each be required: (a) To pay a share of [D.R. Horton's] judgment which is in proportion to the comparative duty and/or fault of that Counterdefendant; and (b) To reimburse ASIC for any payments it may have made, or may become obligated to make, to [D.R. Horton] in excess of ASIC's proportional and equitable share.

(ECF No. 10 Ex. 1 at 8). D.R. Horton contends that ASIC's counterclaim against the Roe insurers for equitable contribution is futile or subject to dismissal because ASIC has not expended any money to defend or indemnify D.R. Horton under the policies. (ECF No. 13 at 5-7).

In *Fireman's Fund Ins. Co. v. Maryland Cas. Co.*, 65 Cal. App. 4th 1279 (Cal. Ct. App. 1998), the court held:

> In the insurance context, the right to contribution arises when several insurers are obligated to indemnify or defend the same loss or claim, and one insurer has paid more than its share of the loss or defended the action without any participation by the others. Where multiple insurance carriers insure the same insured and cover the same risk, each insurer has independent standing to assert a cause of action against its coinsurers for equitable contribution when it has undertaken the defense or indemnification of the common insured. Equitable contribution permits reimbursement to the insurer that paid on the loss for the excess it paid over its proportionate share of the obligation, on the theory that the debt it paid was equally and concurrently owed by the other insurers and should be shared by them pro rata in proportion to their respective coverage of the risk.

*Fireman's Fund Ins. Co.*, 65 Cal. App. 4th at 1293 (emphasis omitted). "It is elementary that a party acquires a right of contribution as soon as he pays more than his share but not until then." *Jackson v. Lacy*, 37 Cal. App. 2d 551, 559 (Cal. Ct. App. 1940) ("there would be no right of contribution . . . until [the party seeking contribution] had satisfied more than his share of the claim. . . ."); *see also Scottsdale Ins. Co. v. Century Sur. Co.,* 182 Cal. App. 4th 1023, 1035-36 (Cal. Ct. App. 2010) (finding that the general rules regarding equitable contribution

apply in the insurance context and "[a]n insurer can recover equitable contribution only when that insurer has paid more than its fair share; if it has not paid more than its fair share, it cannot recover, even against an insurer who has paid nothing."); *Morgan Creek Residential v. Kemp*, 153 Cal. App. 4th 675, 685 n.8 (Cal. Ct. App. 2007) (citing *Jackson v. Lacy*, 37 Cal. App. 2d at 560). "Equitable contribution permits reimbursement to the insurer that paid on the loss for the excess it paid over its proportionate share of the obligation . . . ." *Fireman's Fund Ins. Co.*, 65 Cal. App. 4th at 1293.

In this case, ASIC does not allege that it has made payments under the policies to defend or indemnify D.R. Horton in the underlying actions in excess of its proportionate or equitable share. (ECF No. 10 Ex. 1 at 3-6). Therefore ASIC's proposed counterclaim does not state a claim for equitable contribution. *See Fireman's Fund Ins. Co.*, 65 Cal. App. 4th at 1293. This Court concludes that leave to file the counterclaim for equitable contribution against the Roe insurers should not be granted at this time because it is futile or subject to dismissal. "A district court does not err in denying leave to amend where the amendment would be futile, or where the amended complaint would be subject to dismissal." *Saul v. United States,* 928 F.2d 829, 843 (9th Cir. 1991) (citations omitted). Therefore, ASIC's request for leave to file counterclaims against Roe insurers seeking equitable contribution is denied at this time.

ASIC also seeks leave to file counterclaims against Roe insurers for declaratory judgment as follows:

> Counterdefendant insurers Roes 1 through 20 have a duty, pursuant to their various insuring agreements, to defend and/or indemnify D.R. Horton in connection with the Underlying Actions . . . . Counterdefendant insurers Roes 1 through 20 have a duty, pursuant to their various insuring agreements, to defend and/or indemnify other defendants in the Underlying Actions that are alleged to be responsible, in whole or in part, for the damages alleged therein . . . .

(ECF No. 10 Ex. 1 at 7).

ASIC seeks declaratory judgment against Roe insurers to resolve the Roe insurers' liability to D.R. Horton and the Roe insurers' liability to "other defendants" regarding the underlying actions. These proposed "counterclaims" for declaratory judgment do not seek to

1  resolve ASIC's rights regarding the Roe insurers.  Therefore, these proposed "counterclaims"
2  fail to satisfy the requirement of Rule 14 that the party to be joined "may be liable to" the
3  party seeking joinder and fail to satisfy the requirement of Rule 20 that the party seeking
4  joiner has "any right to relief" from the party to be joined.  Fed. R. Civ. P. 14(a), 20(a); *see*
5  *also Kim v. Fujikawa*, 871 F.2d 1427, 1434 (9th Cir. 1989); *League to Save Lake Tahoe*, 558
6  F.2d at 917.  In addition, the proposed counterclaims do not identify the "other defendants"
7  or seek leave to add the "other defendants" as parties.  As discussed above, "[A]n action in
8  equity cannot be maintained without the joinder of indispensable parties[]" and declaratory
9  judgment may impede or impair the other defendants' ability to protect their interests, as a
10 practical matter. *California*, 440 U.S. at 62; *see also* Fed. R. Civ. P. 19(a).  ASIC's request
11 for leave to file counterclaims against Roe insurers seeking declaratory judgment regarding
12 the Roe insurers' potential liability to D.R. Horton and seeking declaratory judgment
13 regarding "other defendants" are denied.

## CONCLUSION

15 IT IS HEREBY ORDERED that ASIC's Request for Judicial Notice (ECF No. 10 Ex.
16 5) and D.R. Horton's Request for Judicial Notice (ECF No. 15) are GRANTED and ASIC's
17 Motion for Leave to File Counterclaim (ECF No. 10) is GRANTED IN PART and DENIED
18 IN PART.  ASIC is GRANTED leave to file an amended answer pursuant to Fed. R. Civ. P.
19 7(a)(2) including the counterclaim for declaratory judgment against D.R. Horton seeking to
20 resolve ASIC's liability to D.R. Horton only within fifteen days of the date of this order.
21 DATED:  October 8, 2010

**WILLIAM Q. HAYES**
United States District Judge