UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.R. HORTON LOS ANGELES HOLDING CO., INC.,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN SAFETY INDEMNITY CO.,<br><br>Defendant. | Civil No.   10cv443-WQH (BGS)<br><br>**ORDER: (1) DENYING AMERICAN SAFETY INDEMNITY COMPANY'S MOTION TO COMPEL DOCUMENTS**<br><br>**[Doc. No. 23]** |
| AMERICAN SAFETY INDEMNITY CO.,<br><br>Counterclaimant<br>v.<br><br>D.R. HORTON LOS ANGELES HOLDING CO., INC.,<br><br>Counterdefendant | |

The matter before the Court is American Safety Indemnity Company's Motion to Compel Further Production of Documents.  (Doc. No. 23.)

**BACKGROUND**

On February 26, 2010, a Complaint filed by Plaintiff D.R. Horton Los Angeles Holding Co., Inc. ("D.R. Horton") was removed from state court by Defendant American Safety Indemnity Co. ("ASIC"). (Doc. No. 1). D.R. Horton alleges that it was engaged in a real estate development project and entered into a subcontractor agreement with Ebensteiner Co. for grading work on the

1   project. *Id.* at 10. Ebensteiner Co. purchased insurance policies from ASIC and named D.R.
2   Horton as an additional insured and third-party beneficiary of ASIC's obligations to Ebensteiner
3   Co. *Id.* at 10-11.
4        D.R. Horton alleges that several complaints and cross-complaints were filed against it
5   and it received several notices to builder which were all insured events covered by the ASIC
6   policies ("the underlying actions"). *Id.* at 11-12. D.R. Horton alleges that it made a timely
7   claim for benefits under the policies regarding the underlying actions but ASIC breached its duty
8   of good faith and fair dealing by failing to provide D.R. Horton with a defense, withholding or
9   delaying payments, failing to properly investigate D.R. Horton's claims, and refusing and failing
10  to respond to D.R. Horton's request for benefits and coverage. *Id.* at 12. D.R. Horton also alleges
11  that ASIC breached its contractual obligations and seeks declaratory relief "that [ASIC is]
12  obligated to defend and indemnify [D.R. Horton] under said Policies; and, [t]hat [ASIC is]
13  obligated to pay for the cost of [D.R. Horton's] defense in [the underlying actions] and to pay
14  expenses and other settlement costs in connection with the [the underlying actions]." *Id.* at 14.
15       ASIC filed a counterclaim seeking a declaratory judgment determining that "there is no
16  potential coverage for Ebensteiner as a Named Insured and/or D.R. Horton as an Additional
17  Insured under [the policies] in connection with claims arising from the Underlying Actions
18  because the requirements for coverage are not satisfied . . . .[and] that [one policy] is exhausted
19  relative to the Underlying Actions . . . ."  (Doc. No. 17 at 14.)

**DISCUSSION**

**A. PROCEDURAL BACKGROUND OF DISCOVERY DISPUTE**

22       On July 22, 2010, the Court issued a Case Management Order Regulating Discovery
23  and Other Pretrial Proceedings.  (Doc. No. 12.)  Pursuant to that order all fact discovery was to be
24  completed no later than March 1, 2011.  *Id.*  Four months after the Court held the Case
25  Management Conference—November 23, 2010—ASIC served its Requests for Production of
26  Documents ("RFPs"). (Decl. Blau ISO Mot. to Compel; Doc. No. 23-2 at ¶ 5.)  ASIC claims that
27  its RFPs seek what is often referred to as the 'developer's job file.'  (Doc. No. 23 at 2.)
28  ///

ASIC contends that this discovery is relevant to determining the timing of construction of the underlying project, evaluating D.R. Horton's damages, and determining whether D.R. Horton complied with its duties under the policies. *Id.* ASIC specifically states that this discovery is "relevant to [D.R. Horton's] insurance coverage claims and ASIC's defenses." *Id*. Put another way, ASIC's requests seek documents relevant to: (1) D.R. Horton's claim that ASIC owes it a duty to defend in the underlying construction defect actions captioned: *Chang O. Kim, et al. v. City of Santa Clarita*, *D.R. Horton Los Angeles Holding Co., Inc., et al.*, Los Angeles Superior Court Case No. BC407614, *Canyon Gate Maintenance Assoc. v. City of Santa Clarita, et al.*, Los Angeles Superior Court Case No. BC415663, and *Chad Warrick, et al. v. City of Santa Clarita*, et al., Los Angeles Superior Court Case No. PC046442; and (2) ASIC's defenses that (a) the original insured's work or resultant damage did not occur within policy periods, (b) the applicable occurrence limit in one policy was exhausted, (c) the Total Prior Work exclusion precluded coverage, or (d) D.R. Horton did not qualify as an additional insured

After receiving an extension on the deadline to respond, D.R. Horton served ASIC with responses on January 14, 2011. *Id.* at ¶ 7. The parties exchanged correspondence in an attempt to meet and confer regarding the adequacy of D.R. Horton's responses and ultimately called the Court to seek assistance in resolving the discovery dispute. *Id*. at 3-4. On February 17, 2011, D.R. Horton served amended responses to many of ASIC's RFPs. *Id*. at 5. D.R. Horton also agreed to produce specific documents discussed during the parties' February 11, 2011 meet and confer discussion. (Doc. No. 24 at 2.)

In the present motion ASIC contends that D.R. Horton's responses to RFP Nos. 3-8, 10, and 11 remain "inadequate and evasive because [D.R. Horton] has responded by merely identifying a narrow list of specific documents for which it will allow inspection." *Id*. at 6. ASIC also seeks to compel D.R. Horton to comply with RFP No. 13. *Id.*

D.R. Horton states that it has produced all documents responsive to RFP no. 11. (Doc. No. 24 at 6 (citing Decl. Blau. ISO Mot. Compel; Doc. No. 23-2, Ex. N.) In addition, D.R. Horton argues that it properly responded to all of the RFPs by either raising objections or producing documents. D.R. Horton's primary objection to RFP Nos. 3-8, 10 and 13 is that they seek

documents that are irrelevant or are not subject to discovery "because they relate to matters at issue in the pending underlying litigation and may prejudice D.R. Horton's rights and defenses in that litigation." (Doc. No. 24 at 3.)  D. R. Horton also objects to RFP Nos. 3-8 and 10 because ASIC's requests are overbroad in that they ask for *all* documents that relate to the Canyon Gate development.  ASIC defined 'relate to' as covering:

> All documents 'pertaining to directly or indirectly, in whole or in part, referring to, connected with, commenting on, evidencing, impinging, or impacting upon, affecting, responding to, explaining, showing, describing, analyzing, reflecting, or constituting.

*Id.* at 4 (citing Decl. Blau. ISO Mot. Compel, Doc. No. 23-2, Ex. A.)  Finally, D.R. Horton argues that it would be unduly burdensome for it to produce all documents responsive to the overbroad requests. *Id.* at 5.  D.R. Horton asserts that it would be incredibly costly to review all of the documents relating to the Canyon Gate development for privilege and homeowner privacy concerns and that the burden would greatly outweigh the potential benefit of the discovery. *Id*.

Notwithstanding its objections, D.R. Horton agreed to produce categories of documents that ASIC specifically requested.  The categories include: (1) final building inspection sign-offs for the homes that are the subject of the underlying litigation; (2) an updated homeowner matrix for the underlying actions; (3) the concrete subcontractor files; (4) the daily field logs for D.R. Horton's on-site employee during Ebensteiner's work; (5) documents relating to concrete work, including documents for concrete suppliers; (6) documents relating to compacting testing; (7) documents relating to grading; and (8) D.R. Horton's request for proposal for grading.  (Decl. Proctor ISO Opp'n; Doc. No. 24-2 at 7-8.)

**B.  LEGAL STANDARDS**

**1. Duty to Defend**

At issue in this case and this motion is ASIC's duty to defend, which is broader than the duty to indemnify.  " '[A]n insurer has a duty to defend an insured if it becomes aware of, or if the third party lawsuit pleads, facts giving rise to the potential for coverage under the insuring agreement …. This duty … is separate from and broader than the insurer's duty to indemnify ….' ' "[F]or an insurer, the existence of a duty to defend turns not upon the ultimate adjudication of

coverage under its policy of insurance, but upon those facts known by the insurer at the inception of a third party lawsuit …. Hence, the duty 'may exist even where coverage is in doubt and ultimately does not develop.' .… " *State Farm Fire & Casualty Co. v. Superior Court,* 164 Cal.App.4th 317, 323 (2008) ( internal citations omitted.).  Therefore, if the complaint alleges damages potentially covered by the policy, the insurer is not entitled to decline to defend until it negates all facts suggesting potential coverage.  Moreover, "a declaratory judgment of no coverage, either by summary judgment or after trial, does not retroactively relieve the [ ] insurer of the duty to defend. It only relieves the insurer of the obligation to continue to defend after the declaration." *Hartford Accident & Indemnity Co. v. Superior Court,* 23 Cal.App.4th 1174, 1781 (1994); *see also, Fireman's Fund Ins. Co. v. Chasson*, 207 Cal.App.2d 801, 807 (1962).

California law provides for the insured to have its motion for summary adjudication of the insurer's duty to defend determined shortly after it files an action and even before the insurer engages in discovery.  *Haskell, Inc. v. Superior Ct.,*  33 Cal.App.4th 963, 976-78 (1995); *See also Sleeping Well, LLC v. Travelers Indem. Co.,* 2011 WL 996202 *1 (N.D. Cal. Mar. 21, 2011). After an insurer is found to have to breached the duty to defend, the insurer would still be entitled to discovery to enable it to address the issue of coverage and indemnity.  But if the discovery would prejudice the insured's defense of the underlying action, a stay of certain discovery sought in the coverage litigation may be necessary until the underlying cases are resolved.  *Sleeping Well,* 2011 WL 996202 at *1 (citing *Montrose Chem. Corp. v. Superior Ct.*, 6 Cal.4th 287, 301-02 (1993)).

**2.  Discovery**

The Federal Rules allow for broad discovery in civil actions: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). This provision is liberally construed to provide wide-ranging discovery of information necessary for parties to evaluate and resolve their dispute. *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1995).

///

Federal Rule of Civil Procedure 34 governs the production and inspection of documents. Fed.R.Civ.P. 34. Pursuant to Rule 34(b)(2), "the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Rule 34(b)(2)(C) provides that "[a]n objection to part of a request must specify the part and permit inspection of the rest.

Fed.R.Civ.P. 26(b)(2)(C)(iii) requires the Court, on motion or on its own, to limit the frequency or extent of discovery otherwise allowed by the rules if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount of controversy, the parties' resources, the importance of the issues at stake in the action and the importance of the discovery in resolving the issues."

### C. ANALYSIS

**RFP Nos. 3,4,5**

Each of these requests seek "All documents which relate to or reflect the timing of construction performed in connection with the project. . . ." Doc. No. 24-1 at 2-14. D.R. Horton objected to the requests as being vague and ambiguous with respect to the terms "timing" and "construction," as well as for seeking documents not reasonably calculated to lead to the discovery of admissible evidence—in other words, for being overbroad. *Id*. Notwithstanding its objections, D.R. Horton produced the contractor file for the "Project for Ebensteiner Co.," the "building inspection report cards for the homes that are the subject of the underlying litigation, the contractor files for the concrete subcontractors for the foundations of the homes in the underlying actions, as well as the daily field logs for D.R. Horton's on-site employee during Ebensteiner's work." *Id*. ASIC argues that D.R. Horton did not respond as required by Fed.R.Civ.P. 34(b)(2). *Id*.

The requests as written are inherently overbroad. Notably, the requests do not limit the aspect of the construction, and arguably include requests for information such as subcontractor files for plumbing, electric, flooring, etc.—none of these being at issue in this case. *See id*. at 5. The Court finds that the requests call for information that does not appear to relate to D.R. Horton's request for a ASIC to provide a defense in the underlying litigation.

///

In addition, the Court finds that D.R. Horton responded properly. D.R. Horton represents that it produced all relevant and responsive documents relating to what is at issue in this case. The documents it did not produce are those that were objected to for not being relevant. For instance, D.R. Horton produced the building inspection report cards for the homes that are the subject of the underlying litigation, the contractor files for the concrete subcontractors for the foundations of the homes in the underlying actions, as well as the daily field logs for D.R. Horton's on-site employee during Ebensteiner's work. Doc. No. 24-2 at 3. As such, the documents produced appear to contain the information regarding the timing of construction that is relevant to D.R. Horton's claims and ASIC's asserted defenses. Moreover, ASIC did not present the Court with any facts or arguments to indicate that D.R. Horton's production is substantively inadequate.

The Court finds that D.R. Horton's response is proper pursuant to Fed.R.Civ.P. 34(b)(2) and that it produced all necessary relevant documents. Accordingly, ASIC's motion to compel further production to RFP Nos. 3-5 is **DENIED.**

**RFP Nos. 6 and 7**

RFP Nos. 6 and 7 seek documents and information: (1) reflecting when construction of the foundations of the homes at the project commenced and (2) that reflect the date that construction of tangible property commenced for each home at the project. Doc. No. 24-1 at 14-19. In its request, ASIC defined "the project" in accordance with how D.R. Horton referred to "the project" it in its Complaint. (Decl. Blau ISO Mot. to Compel; Doc. No. 23-3, Ex. A.) The Complaint refers to "the project" as the entire real estate development project located in the City of Santa Clarita. (Pl.'s Compl;. Doc. No. 1 at 10.)

D.R. Horton objected to the requests as being vague and ambiguous with respect to the terms "construction," "foundation," "tangible property," and "commenced." *Id*. at 15, 19. D.R. Horton also objected because the request was not reasonably tailored to lead to the discovery of admissible evidence—put simply, the requests are overbroad. *Id.* D.R. Horton explains that as written, the request would require production of sales information and subcontractor files for

subcontractors not at issue in the cases.  Notwithstanding these objections, D.R. Horton produced files and information relevant to the scope of this litigation—"contractor files for concrete subcontractors for the foundations of the homes in the underlying actions, and the daily field logs for D.R. Horton's on-site employee during Ebensteiner's work."  Doc. No. 24-1 at 15. These were the specific subcontractor files that ASIC told D.R. Horton it wanted.  (Decl. Proctor, Doc. No. 24-2 at 6-7.)  Moreover, ASIC has not expressed to either D.R. Horton or the Court what other documents it wants or how the additional documents would be relevant to this case.  *See* Doc. No. 24-1 at 15-20.

Lastly, D.R. Horton argues that the timing of construction and when damages occurred are at issue in the underlying litigation, and therefore discovery into those areas is not proper under the standard set forth in *Haskell*.  *See Haskell*, 33 Cal.App.4th at 978.  ASIC did not respond to this basis for D.R. Horton's objection.

Fed.R.Civ.P. 26(b)(2)(C)(iii) requires the Court to limit the extent of discovery "if the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case. . .and the importance of the discovery in resolving the issues."  Because it appears that D.R. Horton produced all files relevant to this coverage litigation and ASIC has not explained what other documents and information it is looking for, after balancing the burden and expense of the additional discovery against what is at issue in this case, the Court finds that D.R. Horton adequately responded to RFP Nos. 6 and 7.

For all of the reasons stated, ASIC's motion to compel further production to RFP Nos. 6 and 7 is **DENIED**.

**RFP No. 8**

ASIC's  request seeks: "All documents which relate to the date that each subcontractor utilized by you in connection with the project first performed work in connection with the project."  Doc. No. 24-1 at 23.  Notwithstanding an objection that the request is overbroad, as well as vague and ambiguous with respect to the terms "utilized" and "work," D.R. Horton produced its "contractor file(s) for the Project for Ebensteiner Co."  *Id.*  D. R. Horton also produced "the building inspection report cards for the homes that are the subject of the underlying litigation, the

contractor files for the concrete subcontractors for the foundations of the homes in the underlying actions as well as the daily field logs for D.R. Horton's on-site employee during Ebensteiner's work." Doc. No. 24-2 at 8.

In this litigation D.R. Horton argues that ASIC is obligated to defend it in the underlying construction lawsuits because Ebensteiner Co. listed D.R. Horton as an additional insured on the relevant policies. Thus, it appears that Ebensteiner Co.—the named insured—is the only relevant subcontractor with respect to ASIC's duty to defend D.R. Horton. Requests for documents relating to other subcontractors are not reasonably calculated to lead to the discovery of admissible evidence. ASIC has not presented any facts or argument to indicate that D.R. Horton did not produce documents that are relevant to the issues in this litigation. In addition, D.R. Horton agreed to produce every specific category of documents ASIC identified during the meet and confer process. (Decl. Proctor, Doc. NO. 24-2 at 6-8.) Accordingly, D.R. Horton produced what is relevant and responsive, therefore, ASIC's motion to compel further production to RFP No. 8 is **DENIED**.

**RFP No. 10**

RFP No. 10 seeks: "All documents which reflect the date that construction of each home at issue in the underlying actions was completed." Doc. No. 24-1 at 27.

D.R. Horton produced or made available for inspection the notices of completion and grant deeds for the homes at issue, the building inspection report cards for each home, as well as documents produced by those homeowners in the underlying litigation. *Id*. at 28. ASIC argues that D.R. Horton has "outright refused" to comply with the request, however, it appears that D.R. Horton responded more than adequately by producing documents and information that establish the dates of completion. *Id.* ASIC has not offered any facts or argument to indicate that the documents produced do not contain information reflecting the date that construction of each home at issue was completed. Therefore, the Court has no basis to believe that D.R. Horton's production is in anyway inadequate.

For the foregoing reasons, ASIC's motion to compel further production to RFP No. 10 is **DENIED**.

///

**RFP No. 11**

Request No. 11 seeks: "All documents which relate to or reflect the timing of construction performed in connection with the project after the final tract map was approved." Doc. No. 24-1 at 6.

D.R. Horton responded to the request by producing all responsive non-privileged documents in its custody, possession, or control. Doc. No. 24-1 at 31. ASIC does not offer the Court any information to indicate that D.R. Horton did not fully comply with the request. D.R. Horton's amended response specifically states that it "has complied with this request. . . ." Doc. No. 24-1 at 31. Thus, ASIC's motion to compel further production to RFP No. 11 is **DENIED**.

**RFP No. 13**

ASIC's request seeks: "All documents which relate to your tender of the underlying actions to any insurer(s)." (Doc. No. 24-1 at 33.) D.R. Horton served its objection to the request, stating that it is not properly within the scope of discovery because it is not reasonably calculated to lead to the discovery of admissible evidence. *Id*. D.R. Horton points out, correctly, that ASIC's duty to *defend* is independent of any defense duty any other insurer might have. *Id*.; *see also Hartford Accident & Indem. Co. v. Superior Ct.,* 29 Cal. App.4th 435, 441 (1994) ("[E]ach insurer's defense and indemnification liabilities, if any, are *several* and depend on the terms and conditions of the policy of each, neither being liable for the policy obligations owed by the other." (emphasis in original)). Regardless of whether D.R. Horton tendered letters to other carriers, ASIC's duty to defend is based on whether the facts stated in the underlying complaints, or otherwise known by the insurer at the time the claim was tendered for defense, suggest a claim potentially covered by the policy. In support of its motion to compel production, ASIC argues that relevance is an improper objection and that the identification of other insurance which may apply to the underlying actions is relevant and discoverable. *Id.* ASIC, however, does not explain how the identification of other insurance is relevant at this stage in the case or would be relevant absent a claim for contribution.

D.R. Horton also objects to the request because it seeks communications protected by

the attorney-client privilege. *Id*. D.R. Horton refers the Court to *State Farm Fire & Casualty Co. v. Superior Ct.*, 216 Cal. App. 3d 1222, 1227 (1989), which states that "[w]here statements are given [to] the insurance adjuster for the purpose of defending against the liability claims, they are protected from third party discovery by the attorney-client privilege." (citing *Soltani-Rastegar v. Superior Court*, 208 Cal.App.3d 424, 425 (1989)). ASIC has not provided the Court with any basis to find that D.R. Horton's communications with other insurance adjusters is not protected by the attorney-client privilege. Accordingly, the motion to compel with respect to RFP No. 13 is **DENIED without prejudice.**

## CONCLUSION

For all of the reasons stated above, the Court denies ASIC's motion to compel.

IT IS SO ORDERED.

DATED: September 21, 2011

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court