**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| D.R. HORTON LOS ANGELES HOLDING CO., INC.,<br><br>                                    Plaintiff,<br>    vs.<br>AMERICAN SAFETY INDEMNITY COMPANY,<br><br>                                    Defendant. | CASE NO. 10CV443 WQH (WMc)<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion for Reconsideration filed by Defendant American Safety Indemnity Company. (ECF No. 60).

**I.     Procedural Background**

This action arises out of an insurance dispute regarding coverage under four insurance policies (the "Policies") issued by Defendant American Safety Indemnity Company ("ASIC") to Ebensteiner Co. ("Ebensteiner").[1] The policies at issue in this litigation are: XGI 01-1261-003 ("03 policy") effective from August 1, 2001 through August 1, 2002; XGI 02-1261-004 ("04 policy") effective from August 1, 2002 through August 1, 2003, XGI 03-1261-005 ("05 policy") effective from August 1, 2003 through August 1, 2004; and ESL 0010410406 ("06 policy") effective from August 1, 2004 through August 1, 2005.

On January 15, 2010, Plaintiff D.R. Horton Los Angeles Holding Co., Inc. ("D.R.

---

[1] Ebensteiner Co. is not a party to this action.

Horton") filed a Complaint against ASIC which was removed to this Court. (ECF No. 1). The Complaint alleges that D.R. Horton was engaged in a real estate development project named Canyon Gate and that D.R. Horton entered into a subcontractor agreement with Ebensteiner for grading work on the project. *Id.* at 10. The Complaint alleges that Ebensteiner purchased general liability insurance policies from ASIC and named D.R. Horton as an additional insured and third-party beneficiary of ASIC's obligations to Ebensteiner. *Id.* at 10-11.

The Complaint alleges that D.R. Horton received several notices to builder and that several complaints and cross-complaints were filed against D.R. Horton in the following cases: *Chang O. Kim, et al. v. City of Santa Clarita, et al.*, Los Angeles Superior Court Case No. BC407614 (the "*Kim* case"), *Canyon Gate Maint. Ass'n v. City of Santa Clarita, et al.*, Los Angeles Superior Court Case No. BC415663 (the "*Canyon Gate* case"), and *Warrick, et al. v. City of Santa Clarita, et al.*, Los Angeles Superior Court Case No. PC046442 (the "*Warrick* case") (collectively "the underlying actions"). The Complaint alleges that D.R. Horton made claims for benefits under the policies regarding the underlying actions and that ASIC declined coverage and refused to defend D.R. Horton.

On April 12, 2010, ASIC filed an Answer. (ECF No. 4). On October 22, 2010, ASIC filed a Counterclaim against D.R. Horton asserting a claim for declaratory relief. ASIC asserts that there is no potential coverage for Ebensteiner and that there is no potential coverage for D.R. Horton as an additional insured. (ECF No. 17).

On April 6, 2011, D.R. Horton filed a Motion for Partial Summary Judgment. (ECF No. 25). On May 2, 2011, ASIC filed an Opposition. (ECF No. 41). On May 9, 2011, D.R. Horton filed a Reply. (ECF No. 42). On May 20, 2011, D.R. Horton filed a Request for Judicial Notice in Support of its Motion for Partial Summary Judgment. (ECF No. 44).

On April 15, 2011, ASIC filed a Motion for Summary Judgment, or Alternatively Partial Summary Judgment. (ECF No. 33). On May 2, 2011, D.R. Horton filed an Opposition (ECF Nos. 39-40). On May 9, 2011, ASIC filed a Reply. (ECF No. 43).

On May 20, 2011, D.R. Horton filed a Request for Judicial Notice. (ECF No. 44). On May 23, 2011, ASIC filed an Opposition. (ECF No. 45).

On May 27, 2011, the Court heard oral argument on the motions. (ECF No. 46).

On August 31, 2011, ASIC filed a Supplemental Brief. (ECF No. 54). On September 14, 2011, D.R. Horton filed an Opposition to the Supplemental Brief. (ECF No. 55).

On January 5, 2012, this Court issued an Order granting D.R. Horton's Motion for Partial Summary Judgment (ECF No. 25) as to D.R. Horton's claims that ASIC had a duty to defend D.R. Horton under the 04 and 05 policies in the *Chang O. Kim, et al. v. City of Santa Clarita, et al.*, Los Angeles Superior Court Case No. BC407614; *Canyon Gate Maint. Ass'n v. City of Santa Clarita, et al.*, Los Angeles Superior Court Case No. BC415663; and *Warrick, et al. v. City of Santa Clarita, et al.*, Los Angeles Superior Court Case No. PC046442 cases and related notices to builder. The Court denied D.R. Horton's Motion for Partial Summary Judgment in all other respects. The Court also granted ASIC's Motion for Summary Judgment (ECF No. 33) as to D.R. Horton's third claim for declaratory relief and denied the motion in all other respects. (ECF No. 58).

On January 19, 2012, ASIC filed a Motion for Reconsideration. (ECF Nos. 60-61, 64). On February 7, 2012, D.R. Horton filed an Opposition. (ECF No. 65). On February 14, 2012, ASIC filed a Reply. (ECF No. 66).

## II.    Contentions of the Parties

ASIC seeks reconsideration of the Court's finding that ASIC has a duty to defend D.R. Horton under the 04 and 05 policies pursuant to Federal Rule of Civil Procedure 59(e) or 60(b). ASIC does not contend that there has been an intervening change in the law or that there is new evidence. ASIC contends that reconsideration is necessary to correct clear error or to prevent manifest injustice. ASIC contends that the Court's decision "is based on an inappropriate leap of reasoning that is inconsistent with the applicable burden of proof" on the grounds that D.R. Horton did not prove that it is an additional insured under the 04 and 05 policies. (ECF No. 60-2 at 3). ASIC contends that D.R. Horton did not face any legal liability until after it sold the real property which occurred after the policies expired. ASIC contends that it showed that Ebensteiner had graded all of the land within the Canyon Gate project. ASIC contends that the Court incorrectly applied the j(5) and (6) exclusions and that ASIC did not owe a duty to defend based on damage to the project while Ebensteiner's work

1 was ongoing. ASIC contends that the WRAP policies apply and prevent coverage in this case
2 on the grounds that "[t]he work at issue in this case is not Ebensteiner's grading work ... [;
3 r]ather, in this additional insured coverage case, D.R. Horton seeks coverage for liability for
4 damage purportedly to the work of others including itself." *Id*. at 11.

5       D.R. Horton contends that "ASIC's motion for reconsideration does nothing but rehash
6 the same arguments that it has made multiple times ...." (ECF No. 65 at 5). D.R. Horton
7 contends that the Court properly resolved the legal dispute regarding the interpretation of the
8 "on file" requirement for an additional insured in favor of coverage. *Id*. D.R. Horton contends
9 that the Court properly concluded that the 04 and 05 policies provide coverage for property
10 damage that occurred during the policy period. D.R. Horton contends that ASIC has not
11 eliminated the potential form coverage by "assum[ing] ... that any property damage must have
12 been to Ebensteiner's 'work' or 'product' because Ebensteiner must have graded the entirety
13 of the Canyon Gate project." *Id*. at 11. D.R. Horton contends that the Court properly found
14 that the j(5) and (6) exclusions did not eliminate the duty to defend because the underlying
15 complaints allege damage to property that Ebensteiner did not work on. D.R. Horton contends
16 that the Court correctly found that Ebensteiner's work was not insured under the WRAP
17 policies.

18 **III. Discussion**

19       "A motion for reconsideration of summary judgment is appropriately brought under
20 Rule 59(e)." *Backland v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (citing Fed. R. Civ.
21 P. 59(e)). A motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) is
22 properly denied if the moving party fails to present new arguments. *See Fuller v. M.G.*
23 *Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (denying a motion for reconsideration under
24 Fed. R. Civ. P. 59(e), regarding altering a judgment, because the plaintiff "presented no
25 arguments which the court had not already considered and rejected."); *Taylor v. Knapp*, 871
26 F.2d 803, 805 (9th Cir. 1989) (finding that "[b]ecause [plaintiff] presented no arguments in his
27 motion for relief from judgment [pursuant to Fed. R. Civ. P. 59] that had not already been
28 raised in opposition to summary judgment, the trial court properly denied his motion.";
*Backland*, 778 F.2d at 1388 ("The motion [pursuant to Fed. R. Civ. P. 59] was properly denied

here because ... it presented no arguments that had not already been raised in opposition to summary judgment.").

In this case, ASIC as failed to present any arguments in the motion for reconsideration which were not previously raised in the briefing on the motions for summary judgment. *See* (ECF Nos. 33 at 6:20-8:9, 14:4-17:18; 41 at 2:2-4, 18:25-21:7, 21-26; 43 at 4:4-5, 5:14-6:17; 54 at 3:17-27). The Court considered and rejected ASIC's arguments. *See* (ECF No. 58). The Motion for Reconsideration pursuant to Fed. R. Civ. P. 59(e) is DENIED.

"Rule 60(b) allows a party to seek relief from a final judgment ... under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005) (citing Fed. R. Civ. P. 60(b)). "On motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding for ... [any] reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see also United Natn'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals , Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (*citing 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

With regard to whether D.R. Horton is an additional insured under the policies, the Court stated: "The terms of the policies do not define 'on file' within the meaning of form 98 15, which weighs in favor of coverage. *See Golden Eagle Ins. Co. v. Insurance Co. of the West*, 99 Cal. App. 4th 837, 845 (2002) .... The Court finds that there is at least a factual dispute regarding whether the Canyon Gate project was 'on file' with ASIC pursuant to the inclusion of the 'ASIC - ES 98 13 08 99 Endorsement - Waiver of Subrogation' form in the 03 policy. See *Montrose Chemical Corp. v. Superior Court*, 6 Cal.4th 287, 295 n.3 (1993) (finding that there was a duty to defend although the parties factually disputed whether the plaintiff was a named insured under the policy)." (ECF No. 58 at 15-16). With regard to whether D.R.

Horton faced legal liability, the Court found that the policy provides coverage for "'property damage' [that] occur[ed] during the policy period." *Id.* at 21 (citing the policies). With regard to whether ASIC showed that Ebensteiner graded all of the land within the Canyon Gate project and whether the Court properly applied the j(5) and (6) exclusions, the Court stated: "The *Kim*, *Canyon Gate*, and *Warrick* plaintiffs allege damage beyond the repair and replacement of the grading work. The *Kim*, *Canyon Gate*, and *Warrick* plaintiffs allege damage to their land and property caused by the grading work at the Canyon Gate project. A claim for repair of damage to land or property other than the grading work itself is not excluded by j(5) and j(6).... ASIC has failed to show that at the time it declined to provide a defense, ASIC relied upon information that showed that Ebensteiner had graded all of the land within the Canyon Gate project." *Id.* at 23-24.  The Court concluded that "ASIC has failed to show that there was no 'potential' that Ebensteiner's grading work caused damage to land or property which would not be excluded by j(5) and j(6)." *Id.* at 24.  With regard to whether the WRAP policies apply and prevent coverage in this case, the Court found that: "The 04, 05, and 06 policies contain a 'Wrap-up Exclusion' which provides: 'This insurance does not apply to any work insured under a consolidated (Wrap up) Insurance Program ....' The 'Wrap-up' policies insure D.R. Horton, not Ebensteiner.  The work at issue in this case is Ebensteiner's grading work." *Id.* at 30 (citations omitted).  Defendant ASIC has failed to establish any grounds for reconsideration.  The Motion for Reconsideration pursuant to Fed. R. Civ. P. 60(b) is DENIED.

**IV.   Conclusion**

IT IS HEREBY ORDERED that the Motion for Reconsideration filed by Defendant American Safety Indemnity Company (ECF No. 60) is DENIED.

DATED: April 13, 2012

**WILLIAM Q. HAYES**
United States District Judge